IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No. 3:19-cr-121-SI |
| v. | **ORDER** |
| **CLIFTON SADEWASSER**, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

Defendant Clifton Sadewasser, age 63, is a violent career criminal, who has accumulated almost 30 convictions and numerous probation violations. He is currently serving the equivalent of a 90-month sentence for assaulting a United States Marshal with a dangerous weapon resulting in bodily injury.[1] On August 9, 2023, less than 11 months after being sentenced by this

---

[1] On December 22, 2021, Mr. Sadewasser entered a guilty plea, and the parties jointly recommended a sentence of 90 months in prison followed by three years of supervised release. The parties also recommended that Mr. Sadewasser's federal sentence run concurrently with the undischarged portion of the Clark County sentence that Mr. Sadewasser was already serving, with credit beginning from the date of his arrest on March 19, 2019. On September 28, 2022, the Court accepted the parties' recommendation. To ensure that the sentences would be fully concurrent, the Court adjusted Mr. Sadewasser's federal term of imprisonment downward to reflect the time he had already served in primary state custody, which would not be credited by the Bureau of Prisons, plus his accumulated good time. Thus, the Court imposed a federal term of imprisonment of three years, five months, and seven days, reflecting the joint intent of the parties that Mr. Sadewasser serve the equivalent of a 90-month sentence, as of March 19, 2019.

PAGE 1 – ORDER

Court, Mr. Sadewasser filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), seeking a sentence of "time served." ECF 51. The Government opposes Mr. Sadewasser's motion. On February 21, 2024, Mr. Sadewasser filed both a supplement to his motion (ECF 59) and a motion for expedited hearing and disposition. Mr. Sadewasser is currently serving his sentence at the Federal Correctional Institution in Sheridan, Oregon. The Bureau of Prisons (BOP) projects Mr. Sadewasser's release date to be July 16, 2025. Under 18 U.S.C. § 3624(c)(1), Mr. Sadewasser may become eligible on July 16, 2024, to serve the balance of his sentence at a community correctional facility.

Compassionate release is a statutory exception to the rule that a court may not modify a term of imprisonment after it has been imposed. 18 U.S.C. § 3582(c). To justify compassionate release, a defendant bears the burden of demonstrating: (1) that he has fully exhausted all administrative remedies; (2) that extraordinary and compelling reasons warrant such a sentence reduction; and (3) that the reduction would satisfy the 18 U.S.C. § 3553(a) sentencing factors. 18 U.S.C. § 3582(c)(1)(A). These are three separate requirements, and each must be established before compassionate release may be granted. A court, however, may deny a defendant's motion after finding that the defendant has failed to meet any one prong without evaluating the others. *See United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) ("[A]lthough a district court must perform this sequential inquiry before it *grants* compassionate release, a district court that properly *denies* compassionate release need not evaluate each step.") (emphasis in original).

The Government concedes that Mr. Sadewasser has satisfied the first prong by submitting a request to the BOP at least 30 days before filing his motion with the Court. The Government also concedes that Mr. Sadewasser's health presents an extraordinary and compelling circumstance. The Government, however, opposes Mr. Sadewasser's motion based on the third

PAGE 2 – ORDER

prong, arguing that the sentencing factors under 18 U.S.C. § 3553(a) weigh heavily against Mr. Sadewasser's release. The Court also agrees. The third prong has not be satisfied.

Mr. Sadewasser has a documented history of fleeing, escaping, eluding, failing to appear, jumping bail, assaulting law enforcement officers, and resisting arrest. On March 6, 2019, officers with the Pacific Northwest Violent Offender Task Force observed Mr. Sadewasser moving items between vehicles before leaving a residence in Portland. The officers followed the Defendant, who noticed the officers and attempted counter-surveillance measures before driving down a dead-end road near a Home Depot.

The officers activated their lights and surrounded the Defendant's vehicle. Mr. Sadewasser suddenly put his car in reverse and quickly backed down the road, ignoring commands to stop. He drove through a line of trees to the Home Depot parking lot before hitting the vehicle of a United States Marshal, causing injury to that officer. Mr. Sadewasser then drove toward one of the exits and rammed into another officer's vehicle. Officers were able to block in the Defendant's vehicle, so he left his car and attempted to flee on foot. He repeatedly reached into his waistband as officers attempted to take him into custody. The officers tased the Defendant twice, seemingly to no effect. After the Defendant was finally taken into custody, police found 4 grams of methamphetamine, 4 grams of heroin, and $4,150 in the Defendant's jacket. He also had a knife in his pocket, and in his car, police found a .380 caliber handgun, several bullets, and a digital scale. The Court finds that Mr. Sadewasser is a danger to the community and that the sentencing factors under 18 U.S.C. § 3553(a) do not warrant compassionate release, notwithstanding Mr. Sadewasser's serious health condition.

The Court GRANTS Defendant's Motion for Expedited Disposition (ECF 60) but does not believe that a hearing will assist in the correct resolution of the pending motions. The Court

DENIES Defendant's Motion to Reduce Sentence (ECF 51) and Defendant's Supplemental Motion to Reduce Sentence (ECF 59).

**IT IS SO ORDERED.**

DATED this 11th day of March, 2024.

*/s/ Michael H. Simon*
Michael H. Simon
United States District Judge